IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

TRAVIS HAUGHTON, )
Register No. 250345, )
 )
          Plaintiff, )
 )
          v. )   No. 05-4127-CV-C-NKL
 )
CORRECTIONAL MEDICAL SERVICES, )
et al., )
 )
          Defendants. )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Pursuant to the Report, Recommendation and Order of May 13, 2005, the court ordered Correctional Medical Services (CMS) to respond with regard to plaintiff's allegations in his April 27, 2005, motion for preliminary injunctive relief as to denial of medical care. CMS responded on May 18, 2005, providing the court with a copy of a medical report regarding the status of plaintiff's hernia treatment at issue. The report provides that in Dr. Gaddy's opinion, plaintiff's post-surgery status is progressing as normal. Plaintiff has not responded to the report provided.

Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, *Holt v. Sarver*, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. *American Home Investment Co. v. Bedel*, 525 F.2d 1022, 1023 (8th Cir. 1975), *cited with approval in Rittmiller v. Blex Oil, Inc.*, 624 F.2d 857 (8th Cir. 1980). *See also Cole v. Benson*, 760 F.2d 226 (8th Cir. 1985), *cert. denied*, 474 U.S. 921 (1985). In *Dataphase Systems, Inc. v. C.L.*

*Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

*Id.* at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting *Holiday Inns of America, Inc. v. B. & B. Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. *United States v. Dorgan*, 522 F.2d 969, 973 (8th Cir. 1975).

The information provided by Dr. Gaddy, plaintiff's treating physician, indicates that plaintiff is currently being monitored and is receiving follow-up medical care with regard to his recent hernia operation. Plaintiff has failed to respond to such report. Accordingly, the court finds no basis for issuing preliminary injunctive relief, and plaintiff's motion should be denied.

Plaintiff has also filed several motions for temporary restraining orders with regard to alleged denial of materials needed for filing his claims with this court, requesting that the court order the Missouri Department of Corrections to allow inmate Kenneth Bell to assist plaintiff with his civil case and that plaintiff be allowed access to all of his legal books out of "property," despite his administrative segregation status. Upon consideration, such motions should be denied. Plaintiff has made approximately ten separate filings with the court in the last thirty days. Based upon such filings, the court finds no basis for issuing injunctive relief regarding plaintiff's allegations of inadequate access to courts. Plaintiff appears to have sufficient legal materials and the skills necessary to prepare his own filings. Moreover, the court notes that although plaintiff states his access to the law library is limited due to his

2

administrative segregation status, this court has been liberal in granting plaintiff extensions of time. Therefore, plaintiff's motions for temporary restraining orders should be denied.

Defendants CMS, Gaddy, Young and Rice have filed motions to dismiss, arguing that plaintiff fails to state a claim on which relief may be granted. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. *Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984); *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993).

Upon consideration, the court finds that although plaintiff has failed to plead facts necessary to show deliberate indifference to his medical needs, his allegations in support of his claims of deliberate indifference are sufficient at this early stage in the proceedings. Taking the allegations in the light most favorable to plaintiff, the court cannot determine at this stage in the proceedings that plaintiff can prove no set of facts in support of his claims. Thus, defendants' motions to dismiss should be denied.

Upon consideration, plaintiff's motion to file a second amended complaint is granted. Defendants have filed no objections within the time allotted by L.R. 7.1. Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. Plaintiff's second amended complaint is filed in response to this court's order allowing plaintiff to file an amended complaint including only those claims which have been exhausted via the prison administrative grievance process. Plaintiff's second amended complaint has specifically dropped CMS as a defendant; thus, the recommendation of May 13, 2005, to dismiss CMS as a defendant is moot.

Plaintiff has filed a motion for an extension of time to respond to defendant Doerhoff's motion to dismiss, citing problems with access to legal materials. Plaintiff has also requested an extension of time to respond to the motion of defendants Gaddy and Young for summary judgment. Upon consideration, plaintiff will be granted an extension of time until October 31, 2005, to respond to defendants' motions to dismiss and for summary judgment.

3

On May 18 and June 2, 2005, plaintiff filed motions for appointment of counsel. On May 13, 2005, this court denied plaintiff's prior requests. A review of the record does not reveal a significant change in circumstances since that time. Accordingly, for the reasons previously set forth, plaintiff's motions will be denied.

Plaintiff's motion of June 13, 2005, for an extension of time to locate defendants for purposes of service of process is denied as moot. Dr. Lamour was terminated as a defendant on July 11, 2005, pursuant to plaintiff's amended complaint and defendants Young and Doerhoff have entered their appearance in this case.

Plaintiff's motion of June 22, 2005, requesting the Missouri Department of Corrections (DOC) to return all of his legal documents from "property" is also denied. The response of June 29, 2005, by DOC clearly indicates that plaintiff has been provided all his legal materials.

On August 26, 2005, defendant Rice filed a motion for leave to depose plaintiff. Upon consideration, it is

ORDERED that defendants are granted leave to depose plaintiff, who is incarcerated [49]. It is further

ORDERED that plaintiff's motion for return of his legal documents is denied [30]. It is further

ORDERED that plaintiff' motion for an extension of time to locate defendants for purposes of service of process is denied as moot [27]. It is further

ORDERED that plaintiff's motions of May 18 and June 2, 2005, for appointment of counsel are denied, without prejudice [12, 22]. It is further

ORDERED that plaintiff is granted an extension of time until October 31, 2005, to file responses to the motions to dismiss and for summary judgment [50, 53]. It is further

ORDERED that plaintiff is granted leave to file a Second Amended complaint and that defendant CMS is dismissed, pursuant to such second amended complaint [42]. It is further

ORDERED that this court's recommendation of May 13, 2005, that plaintiff's claims against defendant CMS be dismissed is moot [11]. It is further

RECOMMENDED that plaintiff's motions for preliminary injunctive relief and temporary restraining orders be denied [6, 12, 54, 56]. It is further

RECOMMENDED that the motions of defendants Young, Gaddy and Rice to dismiss be denied [37, 39].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 15th day of September, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge