IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

TRAVIS HAUGHTON, Register No. 250345, )
                                                                                         )
                      Plaintiff,              )
                                                     )
                             v.                    )         No. 05-4127-CV-C-NKL
                                                   )
DR. GADDY, et al.,                      )
                                                     )
                      Defendants.       )

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

      On August 16, 2005, defendants Correctional Medical Services (CMS), Dr. Gaddy, and Andrea Young filed a motion for summary judgment on plaintiff's claims alleging deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Plaintiff has filed responses to defendants' motion and a countermotion for summary judgment. Defendants have replied. Due to extensions of time and discovery dispute issues, this motion was not fully submitted to the court until January 31, 2006.

      Pursuant to plaintiff's second amended complaint filed on August 12, 2005, CMS is no longer a named defendant. It is, therefore, unnecessary for the court to address issues raised in the motion for summary judgment which address plaintiff's previous claims against CMS.

### Background

      On April 8, 2002, plaintiff, an inmate at the Jefferson City Correctional Center (JCCC), underwent a hernia repair operation, performed by defendant Dr. Gaddy at the Central Missouri Medical Park Surgery Center in Jefferson City, Missouri. Two days later, on April 10, 2002, plaintiff was admitted to the Capital Region Medical Center and underwent a second surgery by a nondefendant doctor to repair internal bleeding.

**Discussion**

<u>Dr. Gaddy</u>

Plaintiff states that defendant Gaddy "botched" his hernia repair surgery, and subsequently failed to issue proper post-operative directives to the Department of Corrections, causing plaintiff to suffer from internal bleeding.

To make out an Eighth Amendment violation arising from inadequate medical attention, plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). Prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate. <u>Id.</u> The standard for "deliberate indifference" includes an objective and a subjective component. <u>Beyerbach v. Sears</u>, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994)). Thus, to prevail on his claims, plaintiff must show that the medical deprivation was objectively sufficiently serious and that prison officials subjectively knew about the deprivation and refused to remedy it. A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." <u>Camberos v. Branstad</u>, 73 F.3d 174, 176 (8th Cir. 1995) (quoting <u>Johnson v. Busby</u>, 953 F.2d 349, 351 (8th Cir. 1991)).

A mere difference of opinion between plaintiff and his treating physician about what treatment is appropriate does not give rise to a colorable claim under section 1983. <u>Warren v. Fanning</u>, 950 F.2d 1370, 1373 (8th Cir. 1991); <u>Smith v. Marcantonio</u>, 910 F.2d 500, 502 (8th Cir. 1990); <u>Courtney v. Adams</u>, 528 F.2d 1056 (8th Cir. 1976). Likewise, disagreement with a diagnosis or course of medical treatment is insufficient to state a claim. <u>Davis v. Hall</u>, 992 F.2d 151, 153 (8th Cir. 1993).

In the instant case, there is no dispute that plaintiff's hernia was a serious medical need. However, there is no evidence that defendant Gaddy was deliberately indifferent to such serious medical need. Plaintiff's statement that Dr. Gaddy "botched" the surgery does not make out a claim of deliberate indifference. A prisoner must show more than negligence, more than even gross negligence, to state a claim of deliberate indifference to a serious medical need. <u>Pool v. Sebastian County, Arkansas</u>, 418 F.3d 934, 942 (8th Cir. 2005). Plaintiff has provided no evidence that his hernia operation, performed by Dr. Gaddy, so deviated from the applicable

2

standard of care as to be evidence of deliberate indifference.  Id.  Rather, plaintiff's claims of "botched" surgery are allegations of medical negligence and do not make out a claim of deliberate indifference to a serious medical need, in violation of the Eighth Amendment.

Plaintiff's statement that Dr. Gaddy was deliberately indifferent to his medical needs when he failed to specifically issue post-operative instructions restricting plaintiff from being required to walk from his housing unit on the fourth floor to meals, also fails to make out a claim of deliberate indifference.  Dr. Gaddy issued post-operative restrictions including "six-week lay-in" and "no lifting, straining, sports, etc."[1]  Plaintiff has provided no evidence, beyond his mere allegations, that such additional specific post-operative instructions were medically required. Moreover, there is no evidence or allegations that Dr. Gaddy was aware of plaintiff's housing situation requiring him to walk stairs and the alleged equivalent of two city blocks to attend meals at the prison.  An inadvertent failure to provide adequate medical care is not a constitutional violation.  Bender v. Regier, 385 F.3d 1133, 1138 (8th Cir. 2004).  Absent actual knowledge of actual risk of harm followed by deliberate inaction amounting to callousness, Dr. Gaddy did not violate the Eighth Amendment right to be free from cruel and unusual punishment.  See Bryan v. Endell, 141 F.3d 1290, 1929 (8th Cir. 1998).  At most, Dr. Gaddy's failure to issue post-operative restrictions beyond those issued is a claim of medical negligence, and is not actionable under 42 U.S.C. § 1983.  "Medical malpractice does not amount to deliberate indifference 'merely because the victim is a prisoner.'"  Dulany v. Carnahan, 132 F.3d 1234, 1243 (8th Cir. 1997) (citing Estelle v. Gamble, 429 U.S. at 106).

Andrea Young

Plaintiff's claims against defendant Nurse Andrea Young are that she failed to timely have him treated for his complaints of pain and dizziness on April 9, 2005.  Plaintiff states that in the early morning hours of April 9, he complained of dizziness and pain as a result of his surgery the day before, and requested medical care.  Plaintiff states that an LPN, whom he identifies as

---

[1] Dr. Gaddy's discharge instructions also included further directives, including ice on incision for 24 hours, athletic supporter for four weeks, pain medication directive, and for plaintiff to contact the JCCC site physician if he should experience increased pain, vomiting, fever or signs of infection.  Dr. Gaddy directed plaintiff to be discharged post-operation, when stable, to the prison infirmary.

3

Nurse Young, was sent to his cell, and that despite his complaints and her statement that his blood pressure was abnormally low, she failed to order immediate medical care. Plaintiff states that Nurse Young advised him she would advise Dr. Lamour as soon as he arrived in the morning. Plaintiff alleges Young's delay caused him to suffer pain and delayed his treatment for his subsequent diagnosis of internal bleeding.

Plaintiff's statement of claims against Nurse Young does not match the undisputed facts, as established by the documents submitted by defendants, and conceded by plaintiff. Plaintiff was in the prison infirmary in the early morning hours of April 9, 2005, not in his housing unit prison cell. Moreover, the medical records submitted by CMS indicate that Nurse Young treated plaintiff on April 10, 2002, after he had collapsed complaining of abdominal pain and dizziness, just prior to his being transferred to Capital Region Medical Center, but do not show that she treated him prior to such time for complaints on either the 9th or the 10th. Plaintiff's medical records do reflect that he was seen on April 10, 2002, in the early morning hours, at approximately 2:00 a.m. by L.P.N. J. Galvin (Jonna Galvin) for complaints of vomiting and pain. However, L.P.N. Galvin is not a named defendant in this case. Plaintiff has come forward with no evidence that Nurse Andrea Young denied him medical care.

### Conclusion

Fed. R. Civ. P. 56 requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

4

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56©.

Although plaintiff disputes the facts as set forth by defendants, the court finds that such dispute does not leave any genuine issues of fact to be resolved at trial. Plaintiff has failed to come forward with evidence in support of his claims, and the official records submitted by defendants are contrary to plaintiff's allegations. Moreover, plaintiff's complaint is filled with inconsistent allegations. In light of the inconsistencies in plaintiff's complaint, and his failure to come forward with evidence in support of his claims, no reasonable jury could find that defendants Dr. Gaddy and Nurse Young were deliberately indifferent to plaintiff's medical needs. Summary judgment should be granted in favor of defendants and plaintiff's countermotion for summary judgment should be denied.

IT IS, THEREFORE, RECOMMENDED that defendants' motion for summary judgment be granted and plaintiff's claims against defendants Dr. Gaddy and Nurse Andrea Young be dismissed [47]. It is further

RECOMMENDED that plaintiff's countermotion for summary judgment be denied [62].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. *See* L.R. 74.1.

Dated this 7th day of February, 2006, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge