IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| TRAVIS HAUGHTON, Register No. 250345, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4127-CV-C-NKL |
| | ) | |
| GARY RICE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Travis Haughton, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On February 24, 2006, defendant Gary Rice filed a motion for summary judgment. Plaintiff was granted an extension of time until April 12, 2006, to file a response. Despite such extension, plaintiff has not filed a response to defendant Rice's motion.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op., 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. Celotex, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly

probative, however, will not prevent entry of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact."  Hass v. Weiner, 765 F.2d 123, 124 (8th Cir. 1985).  In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  Robinson v. Monaghan, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment.  Fed. R. Civ. P. 56(c).

Upon review of defendant Rice's motion for summary judgement, such motion appears to have merit.

Plaintiff Haughton was housed in the Jefferson City Correctional Center prison infirmary from April 8 to April 9, 2002, following hernia surgery.  On April 9, 2002, plaintiff was discharged from the prison infirmary with a medical lay-in for six weeks, including no lifting, bending, prolonged standing or strenuous activity.  Plaintiff alleges that he provided such lay-in form to defendant Rice on April 9, 2002.  On April 10, 2002, plaintiff alleges that on his way to breakfast, he walked up to defendant Rice and told him he was weak, dizzy, and in pain.  Plaintiff states defendant Rice told him to go eat and he would probably feel better, and that Rice would see what he could do for him later.  While at breakfast, plaintiff collapsed, and was taken to a local hospital by ambulance where it was discovered he was bleeding internally.  Plaintiff alleges that defendant Rice's failure to send him to a doctor when he complained of feeling dizzy, weak and in pain constituted deliberate indifference to his serious medical need, and made his medical condition detrimentally worse.

Despite plaintiff's allegations, the employment records of defendant Rice submitted with his motion clearly provide that he was not working on April 9 or 10, 2002.  Plaintiff has come forward with no evidence challenging the verified employment records of defendant Rice.  Thus, there is no genuine issue of any material fact for trial.  No reasonable jury could find on behalf of plaintiff when the verified employment records show that on both the dates in question, April 9 and 10, 2002, defendant Rice was on leave from his position as Sergeant at the Jefferson City Correctional Center.

IT IS THEREFORE, RECOMMENDED that defendant Gary Rice's motion for summary judgement be granted, and plaintiff's claims be dismissed [96].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 15th day of May, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3